J-S28043-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STORM CLOUD BEER | : | |
| | : | |
| Appellant | : | No.  1936 WDA 2016 |

Appeal from the Judgment of Sentence May 3, 2013
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000011-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STORM CLOUD BEER | : | |
| | : | |
| Appellant | : | No.  1937 WDA 2016 |

Appeal from the Judgment of Sentence May 3, 2013
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000498-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STORM CLOUD BEER | : | |
| | : | |
| Appellant | : | No.  1940 WDA 2016 |

Appeal from the Judgment of Sentence May 3, 2013
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000494-2006

J-S28043-17

BEFORE:     OLSON, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                      **FILED JULY 11, 2017**

Storm Cloud Beer (Appellant) appeals *nunc pro tunc* from the judgment of sentence which the trial court imposed after revoking Appellant's probation.  In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant the petition to withdraw.

We set forth the following procedural history of this case.

> On April 19, 2013, at docket number CP-33-CR-0000606-2012 (docket number 606-2012), a jury found Appellant guilty of persons not to possess a firearm.  That act of possession formed the basis for the allegation that Appellant was in violation of his probation at docket numbers CP-33-CR-0000011-2007 (docket number 11-2007), CP-33-CR-0000498-2006 (docket number 498-2006), and CP-33-CR-0000494-2006 (docket number 494-2006).  Taking judicial notice of the subsequent conviction at docket number 606-2012, the court found Appellant to be in violation of the terms and conditions of his probation and resentenced Appellant to the following terms of confinement on May 3, 2013: six months to two years at docket number 11-2007, two to seven years at docket number 498-2006, and three to ten years at 494-2006.  Each of these terms of confinement was to be served consecutive to the other and to his sentence imposed at docket number 606-2012.   [] Appellant was sentenced on the probation violations and the conviction forming the basis for those violations on the same day….

> Appellant did not file post-sentence motions or a direct appeal.  On April 16, 2014, Appellant *pro se* filed timely a [Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 (PCRA)] petition challenging his sentence on various grounds and alleging that, *inter alia*, his counsel was ineffective for failing to request reconsideration of his sentence and file a direct appeal.  Counsel was appointed and amendments to the *pro se* petition were filed.

*Retired Senior Judge assigned to the Superior Court.

A hearing was held on April 7, 2016, after which the PCRA court denied Appellant's petition.

*Commonwealth v. Beer*, No. 661 WDA 2016, 662 WDA 2016, and 663 WDA 2016, unpublished memorandum at *1 (Pa. Super. filed November 16, 2016) (internal citation and footnote removed). On appeal from the order denying his PCRA petition, this Court reversed the order and remanded for reinstatement of Appellant's direct appeal rights *nunc pro tunc*. **Id.**

After remand, Appellant timely filed a notice of appeal from the revocation court's May 3, 2013 judgment of sentence imposed after revocation of Appellant's probation at docket numbers 11-2007, 498-2006, and 494-2006. In response to the revocation court's order to file a concise statement of errors complained of on appeal, counsel for Appellant filed a statement of intent to file an **Anders**/**McClendon** brief pursuant to Pa.R.A.P. 1925(c)(4).[1]

The following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

---

[1] Due to counsel's statement of intent, the revocation court did not issue a Rule 1925(a) opinion. Also, the Commonwealth did not file a brief.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

Our Supreme Court has clarified portions of the **Anders** procedure as

follows.

Accordingly, we hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and

**Anders** brief, we conclude that counsel has complied substantially with the

above requirements.[2] Once "counsel has met these obligations, 'it then

becomes the responsibility of the reviewing court to make a full examination

of the proceedings and make an independent judgment to decide whether

_____

[2] Appellant has not responded to counsel's petition to withdraw.

- 3 -

the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

According to counsel, Appellant wishes to challenge the discretionary aspects of his sentence. It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. ***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006); ***see also Commonwealth v. Ahmad,*** 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence.").

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

Instantly, Appellant has satisfied the first requirement by timely filing a notice of appeal *nunc pro tunc*. To satisfy the second requirement, we point out that "[o]bjections to the discretionary aspects of a sentence are

generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Id***.

Prior to imposition of the sentence, Appellant requested that the revocation court consider imposing his revocation sentences concurrent with his sentence at docket number 606-2012, but Appellant did not lodge an objection to the revocation court's ultimate decision to run the sentences consecutive to each other and to his sentence at 606-2012. ***See*** N.T., 5/3/2013, at 4-8. Appellant did not file a motion to modify the sentence imposed.[3] Therefore, Appellant has not preserved this issue, and it is waived. An issue that is waived is frivolous. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous"). Consequently, we agree with counsel that this appeal is frivolous.

Even if Appellant had not waived this issue, we agree with counsel that baldly challenging the exercise of the revocation court's discretion in imposing a sentence concurrently or consecutively does not raise a

---

[3] Due to PCRA counsel's failure in the PCRA appeal to develop properly Appellant's claim that his revocation counsel was ineffective because he did not file post-sentence motions, this Court held that Appellant was not entitled to reinstatement of his right to file post-sentence motions *nunc pro tunc*. ***Beer***, 2016 WL 6777553, at *4. However, as set forth ***infra***, even if this issue had been preserved properly, Appellant's issue does not raise a substantial question.

substantial question.[4]  ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Based on the foregoing, we conclude that Appellant's issue challenging the discretionary aspects of his sentence is frivolous.  Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." ***Flowers***, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2017

---

[4] The writer of this Memorandum has previously inveighed against the virtually unfettered discretion given trial judges deciding whether to impose consecutive or concurrent sentences.  Appellant was sentenced to an aggregate of five-and-a-half to 19 years.  Had the sentences run concurrently, he could have received three to ten years.  In either event, this Court could not reverse. ***See Commonwealth v. Zirkle***, 107 A.3d 127, 136 (Pa. Super. Ct. 2014) (Strassburger, J., concurring).